[Civ. No. 18899. Second Dist., Div. Two. Apr. 9, 1952.]

CAROLYN ARDITH NICHOLAS, a Minor, etc., et al., Appellants, v. FRED W. NICHOLAS, Respondent.

350

William G. Bolton and Ernest A. Clausen for Appellants.

Hiram T. Kellogg for Respondent.

MOORE, P. J.—In February, 1946, Idella M. Nicholas and her husband, respondent herein, terminated their community interest in certain property and executed a writing to evidence their agreement. All the community property of substantial value was conveyed to Idella as her own separate estate with the agreement that the income therefrom was sufficient to provide support for the children and that no payments for their support would be required of respondent. Thereafter, Idella supported her children with such income until the time of her filing the complaint herein on behalf of Carolyn whereby she demanded an order requiring respondent to pay Idella $60 per month for Carolyn's support, and for counsel fees. Respondent filed his cross-complaint for a declaration of the rights and obligations

of the parties and for judgment imposing a trust upon such of the real property conveyed to Idella under the property settlement as may remain in her ownership.

Following the trial of the issues raised by pleadings the court made findings that respondent had transferred income property to his wife as agreed; that by the terms of their settlement it was the intention of the parties that income derived from the property was sufficient for the support of their children; that it should be used only for the support of the minor children unless there was an excess of income over the amount necessary for their support; that Idella knew that in consideration of the conveyance of such realty to her she elected to waive any further claim for alimony, support money or attorney fees and that she agreed that she would use the income from the premises for the support of the minor children; the court found also that the property has at all times and now is sufficient to support the minor children including Carolyn but that Idella sold part of the property, purchased an automobile for her own use and thereafter mismanaged the balance, substantially reducing the income. However, the income is still sufficient for the support of Carolyn. It was further determined that the parties intended that the property conveyed to Idella would not be sold until after the children became self-supporting or of lawful age and that it should be held by Idella in trust for the support of Carolyn.

Accordingly, judgment was entered denying plaintiff any relief and establishing a trust in the realty with Idella as trustee ordered to collect income therefrom and apply it to plaintiff's support until the latter attains majority, is married or becomes self-supporting.

Plaintiff and her mother now appeal from such judgment contending (1) that the evidence is insufficient to support the finding that the income received from the property held by Idella is sufficient for Carolyn's support, and (2) that the court erred in imposing a trust on such property.

The property settlement agreement which is the focal point of this litigation declares, after the usual recitations as to the status of the parties, that husband and wife owned as community property two parcels of realty and that from that day forward such was to be the wife's sole and separate property; that wife should have the custody of the parties' children and "that the income from the real estate is sufficient to provide for the support of the children of the par-

ties and that no payments for their support will be required of Husband.''

Testimony of various witnesses, including Mrs. Nicholas, Mrs. Meyer—a married daughter—and one Schooling, attorney who aided in drafting the property settlement agreement, was elicited to establish the circumstances surrounding the preparation and execution of the agreement. From this evidence it was shown that respondent, a carpenter and builder by occupation, had constructed rental units on city lots of the community estate for the very purpose of providing income for the support of the children. This understanding was had, and actual construction accomplished subsequent to the time the parties agreed to separate. Mr. Schooling was consulted as to the drafting of the contract, but the actual terms were those as already agreed upon by the parties. He explained to them, however, that Mr. Nicholas could not by contract be relieved of all liability for the future support of his children. But both husband and wife advised him that the income from the apartments would be adequate for the support of the children and that the purpose of the agreement was to relieve husband from further obligations to them. Because of such arrangement for Idella to keep and care for the children, she was given the lion's share of the community assets, husband receiving only his tools, a 1938 automobile and an undisclosed amount of cash and bonds.

The evidence disclosed that the real property at the time of transfer to the wife was valued at between $12,000 and $17,000; its rental income was approximately $300 per month.

From such evidence it was reasonable and proper that the trial court should find that the parties had actually intended to create a trust relationship with Mrs. Nicholas as trustee of the realty and the children as beneficiaries until such time as they were no longer dependent or attained thier majorities, upon which event the trust would terminate and legal and beneficial interest would vest in the wife. ■ It is not necessary that a trust be created by any definite or express language or words of art. So long as the requisite intent is manifested to create such a fiduciary relationship with respect to a definite *res* and the beneficiary is ascertainable, a valid trust exists. (*Miranda* v. *Miranda,* 81 Cal. App.2d 61, 67 [183 P.2d 61]; Rest. Trusts, § 2.) It is true that the property settlement contract recites in one paragraph that the wife is to hold the realty as her own but

the language thereafter clearly reflects the intent that the income received would be used for the support of the progeny. The testimony served to clear away all uncertainties and to reveal the true purpose of the contracting parties.

■ Appellants argue that it was error to impose the trust since a father cannot be relieved of his obligation of child support by reason of a contractual agreement with the mother. Such statement is the prevailing concept of a father's duty to his infants, *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.*, 195 Cal. 283 [233 P. 335], and *Lewis* v. *Lewis,* 174 Cal. 336 [163 P. 42]. He may not through the mechanics of such a contract avoid his paternal obligation when his child of tender years is in need of support. But where, pursuant to an agreement, means of supporting such child are turned over to the mother, and the latter agrees to maintain the child therefrom, we are not faced with an attempt by the father to evade his legally imposed duties. ■ In the case at bar, respondent by his labors provided means of supporting his children. Unless such means be inadequate to provide the needed support and the parent entitled to custody cannot support the child, there is no cause of action in the child for the judgment here sought. (*White* v. *White,* 83 Cal.App. 356, 357 [256 P. 579].)

■ The child Carolyn is in no position to complain of the imposition of the trust. Its very purpose is to insure her support during minority. ■ One not aggrieved by a judgment has no right of appeal. (Code Civ. Proc., § 938.)

■ Appellants' second contention in pursuit of a reversal is that the evidence reveals without conflict that the income from the realty is insufficient to support the minor plaintiff. Mrs. Nicholas testified that during the preceding year she received approximately $1,600 as income from the rentals, but that during this same period her expenditures totaled $1,657.33. However, as the trial court observed, a sizable portion of these expenses were not properly charged against the income from the trust since they were disbursed to pay Mrs. Nicholas' own utilities, taxes and other expenses. In effect, she applied the trust income to her personal needs. Such application of the income was contrary to the terms of the property settlement agreement inasmuch as the wife therein waived all alimony and support for herself.

Moreover, the evidence established that Mrs. Nicholas had sold one parcel of the property within a year after the agreement was executed netting at least $2,800. It follows that it cannot be said that the court erred in concluding that the income was sufficient for the support of the 10-year-old child.

Judgment affirmed.

McComb, J., and Fox, J., concurred.