774 F.2d 1395
 54 USLW 2278, 13 Collier Bankr.Cas.2d 1077,
13 Bankr.Ct.Dec. 1396, Bankr. L. Rep. P 70,851
 In re Earl William TEICHMAN, Debtor.
Barbara F. TEICHMAN, Plaintiff-Appellee, Cross-Appellant,
v.
Earl William TEICHMAN, Defendant-Appellant, Cross-Appellee.
 Nos. 84-5710/5716.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1985.
Decided Oct. 25, 1985.
 
 Lloyd Nocker, Lompoc, Cal., for defendant-appellant, cross-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before SCHROEDER, FLETCHER and FARRIS, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 This bankruptcy appeal and cross-appeal concern the dischargeability of a husband's obligation to pay to his former wife a percentage of his Air Force retirement benefits which their marriage dissolution decree divided as community property. We hold that payments due the wife after the filing of the bankruptcy petition are the husband's post-petition obligations and not subject to discharge under the Bankruptcy Code. We also hold that the payments due prior to the filing are subject to discharge since the exception to dischargeability relied upon by the former wife does not apply in this case.
 
 
 2
 Barbara Teichman and Earl Teichman dissolved their marriage in November 1974, in California. The final judgment of dissolution incorporated the terms of the Property Settlement Agreement executed by the parties in July 1974. That agreement provided:
 
 
 3
 IT IS FURTHER STIPULATED AND AGREED that 86% of the husband's United States Air Force retirement is community property; therefore, husband shall pay to wife an amount equal to 43% of the gross monthly retirement benefits.
 
 
 4
 The parties also stipulated that the husband would arrange for the Air Force to make the payments required by the judgment of dissolution by way of military allotment check payable directly to the wife.
 
 
 5
 The husband then failed to see that various cost of living increases were included in the wife's checks, and in July 1981, in reliance on McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), he terminated the allotment checks altogether. In McCarty, the Supreme Court held that federal law preempts state community property laws and that, on dissolution of a marriage, a state court may not divide military retirement pay pursuant to state community property laws. Since McCarty does not apply retroactively to judgments entered before it was decided, White v. White, 731 F.2d 1440, 1443 (9th Cir.1984) (per curiam), the husband's reliance was misplaced.
 
 
 6
 In May 1982, the wife filed an Order to Show Cause and Declaration of Contempt in state court with respect to the husband's failure to pay the cost of living increases and retirement benefits. The following month, the husband filed for bankruptcy; this filing stayed the wife's state court proceeding. Both parties filed complaints in the bankruptcy court to determine the dischargeability of the payments falling due prior to the filing in bankruptcy and for a declaration of the parties' rights in the future retirement benefits.
 
 
 7
 The bankruptcy court granted the husband a discharge on the approximately $14,000 due prior to the filing in bankruptcy. However, finding that the wife had an ownership interest in forty-three percent of the retirement fund, the bankruptcy court denied the husband a discharge on the approximately $150,000 falling due after the filing. The district court affirmed. The husband appealed from the judgment insofar as it held that the post-petition payments were not subject to discharge; the wife cross-appealed from the holding that the pre-petition payments were dischargeable.
 
 
 8
 This court reviews findings of fact by the clearly erroneous standard, Fed.R.Civ.P. 52(a), but conclusions of law are subject to de novo review. In re American Mariner Industries, Inc., 734 F.2d 426, 429 (9th Cir.1984). We affirm.
 
 
 9
 Post-Petition and Prospective Retirement Payments
 
 
 10
 11 U.S.C. Sec. 727(b) provides that, except as provided in 11 U.S.C. Sec. 523(a), a discharge under section 727(a) discharges a debtor from all debts that arose before bankruptcy.[1] The bankruptcy court held that the payments falling due after the filing in bankruptcy were not debts that arose before bankruptcy and therefore not subject to discharge. The husband argued that since his obligation to pay forty-three percent of the retirement benefits was created in the property settlement agreement, the obligation was a pre-petition obligation subject to discharge under the Bankruptcy Code. The court concluded, however, that the husband could not avoid future payments by this bankruptcy since the wife "has an ownership interest in 43% of the retirement fund by reason of the final judgment in the [divorce proceedings]." Therefore, "[e]ach payment as it comes due is an obligation which the [husband] cannot avoid by this bankruptcy." The district court is affirmed.
 
 
 11
 The district court correctly held that under the dissolution decree, the wife has an ownership interest in forty-three percent of the retirement fund. Because the state court at the time of the divorce proceedings could not order the United States Air Force directly to pay the wife her share, it ordered the husband to pay a portion of each payment to the wife. The husband was to be a conduit through which the wife would receive her interest in the retirement fund.
 
 
 12
 The husband is under no obligation to pay his former wife until the Air Force pays him; therefore, a debt does not arise under the Code until each payment is due. See 11 U.S.C. Secs. 101(4), (11). Since the post-petition and prospective payments are not debts under the Code, they are not subject to discharge in this bankruptcy. 11 U.S.C. Sec. 727(b).
 
 Dischargeability of Pre-Petition Payments
 
 13
 The Bankruptcy Code provides that certain obligations in connection with a property settlement agreement are excepted from discharge under section 727. See 11 U.S.C. Sec. 523(a)(5).[2] Since this is not alimony, maintenance, or support, it is not excepted from discharge by section 523(a)(5). The wife nonetheless argues that the pre-petition payments are excepted from discharge by section 523(a)(4). 11 U.S.C. Sec. 523(a)(4).
 
 
 14
 Section 523(a)(4) provides that a discharge under section 727 does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. Sec. 523(a)(4). The wife does not claim that the husband committed fraud, embezzlement, or larceny. She does claim that the pre-petition payments are not dischargeable because, by withholding payment, he committed a defalcation while acting in a fiduciary capacity. In order to prevail, she must establish that he not only defaulted on his obligations but did so in violation of a fiduciary agreement. See In re Thornton, 544 F.2d 1005, 1006 (9th Cir.1976) (creditor has burden to show that contested amount is exempt from discharge in bankruptcy).
 
 
 15
 "Fiduciary capacity" as used in section 523(a)(4) has consistently been construed as describing something created under an express trust, as opposed to a trust created ex maleficio, constructively imposed because of the act of wrongdoing from which the debt arises. In re Pedrazzini, 644 F.2d 756, 758 & n. 2 (9th Cir.1981); In re Thornton, 544 F.2d at 1007; 3 Collier on Bankruptcy p 523.14[c], at 523-99 (15th ed. 1982).
 
 
 16
 While the meaning of "fiduciary" in section 17a(4) [the predecessor of section 523(a)(4) ] is an issue of federal law, state law, within limits, will be recognized:
 
 
 17
 [T]he scope of the concept fiduciary under Sec. 17a(4) is a question of federal law. The Supreme Court has repeatedly made clear that the concept is limited to technical trusts ...
 
 
 18
 On the other hand, state law takes on importance in determining when a trust exists. The state may impose trust-like obligations on those entering into certain kinds of contracts, and these obligations may make a contracting party a trustee.
 
 
 19
 The core requirements are that the relationship exhibit characteristics of the traditional trust relationship, and that the fiduciary duties be created before the act of wrongdoing and not as a result of the act of wrongdoing.
 
 
 20
 In Re Pedrazzini, 644 F.2d at 758 (quoting In Re Angelle, 610 F.2d 1335, 1341 (5th Cir.1980)) (citation omitted). Therefore, unless the property settlement agreement created a trust under California law, the pre-petition payments are dischargeable.
 
 
 21
 The elements of a valid trust under California law include a competent trustor, an intention on the part of the trustor to create a trust, a trustee, an estate conveyed to the trustee, an acceptance of the trust by the trustee, a beneficiary, a legal purpose, and a legal term. Reagh v. Kelly, 10 Cal.App.3d 1082, 1089, 89 Cal.Rptr. 425, 430 (1970). In this case, it appears from the face of the agreement that no trust was established. The agreement simply divided the former spouses' property. The husband's responsibility was to see that the Air Force paid the wife's share directly to her. The husband was never intended to hold money for the wife's benefit. Thus, no estate was conveyed to the husband as a trustee.
 
 
 22
 The wife relies on Nicholas v. Nicholas, 110 Cal.App.2d 349, 242 P.2d 679 (1952), and Miranda v. Miranda, 81 Cal.App.2d 61, 183 P.2d 61 (1947), where California courts held that particular property settlements created trusts. In each case the court carefully analyzed the settlement agreement and found it contained all of the elements of a legal trust. In Nicholas, 110 Cal.App.2d at 352, 242 P.2d at 681, the court found that parents intended to create a trust for their children by the property settlement which conveyed income from realty to the mother for the support of the children. The court denied additional support from the father. Miranda, 81 Cal.App.2d at 66-69, 183 P.2d at 65-66, involved a family home owned jointly by the husband and wife. The agreement gave the wife the right to occupy the family home until she remarried and provided that upon her remarriage, the property should be sold and the funds used for the support and maintenance of the minor children. The court held that the parties had created a trust for the wife and children, and a partition of the home was disallowed.
 
 
 23
 Thus, both Nicholas and Miranda involved a conventional agreement dividing the property of the parties in existence at the time of the divorce. In each case, certain property was conveyed to the wife for a specific period of time and for a specific purpose, i.e., the benefit of the wife and children. In neither case was it claimed that one party was liable in damages for breach of a claimed fiduciary duty, and in neither case was the legality of the agreement ever in doubt. Those cases, therefore, do not require us to hold in this case that the husband violated an established fiduciary duty when he relied on a subsequent Supreme Court decision and stopped directing the Air Force to send payments to the wife.
 
 
 24
 Although the debtor husband in this case may now be classified as a constructive trustee pursuant to California Civil Code sections 2223 and 2224,[3] a constructive trust would be imposed only after the defendant has defaulted. This is not sufficient to render the debt non-dischargeable under section 523(a)(4). That section requires the husband to have been acting in a fiduciary capacity at the time of the default. Pedrazzini, 644 F.2d at 758; Thornton, 544 F.2d at 1007; Angelle, 610 F.2d at 1341. He was not.
 
 
 25
 We agree with the district court that as a general rule the exception to discharge in 11 U.S.C. Sec. 523(a)(4) should not apply in connection with a property settlement agreement and a divorce decree. To so apply section 523(a)(4) "would circumvent the clear Congressional directive in 11 U.S.C. Sec. 523(a)(5) that only payments in the nature of alimony, maintenance or support, in connection with a separation agreement, divorce decree or property settlement agreement, are exempt from discharge under section 727(a)." Other obligations should not be exempted as fiduciary obligations unless clearly intended by the parties at the time of the agreement to be fiduciary ones.
 
 Conclusion
 
 26
 The wife's right to the post-petition payments are obligations not subject to discharge under 11 U.S.C. Sec. 727(b). However, the pre-petition obligations are dischargeable since the debtor was not acting in a fiduciary capacity within the meaning of section 523(a)(4) when he violated the terms of the property settlement agreement. 11 U.S.C. Sec. 523(a)(4).
 
 
 27
 The district court is affirmed.
 
 
 28
 FLETCHER, Circuit Judge, concurring in part and dissenting in part:
 
 
 29
 I concur in the majority's holding that future payments of pension benefits are not dischargeable. I disagree, however, with its conclusion that those benefits that accrued prior to Mr. Teichman's filing for bankruptcy are dischargeable.
 
 
 30
 Contrary to the majority's finding, I believe Mr. Teichman was, by virtue of the parties' property settlement agreement, a trustee for the purpose of receiving and disbursing to Mrs. Teichman her share of the pension benefits. The majority correctly notes that California courts have held that particular property settlements created trusts when the elements of a legal trust were present. See Nicholas v. Nicholas, 110 Cal.App.2d 349, 242 P.2d 679 (1952); Miranda v. Miranda, 81 Cal.App.2d 61, 183 P.2d 61 (1947). However, the majority mischaracterizes the settlement agreement as simply a division of the couple's property and nothing more. While the majority recognizes the husband's responsibility to see that the Air Force paid the wife's share directly to her, it concludes that no money was meant to be held by the husband for the wife, and therefore no property was conveyed to the husband as trustee. This reasoning ignores the fact that the husband had complete control over the wife's property interests in the Air Force pension. This control was clearly manifested by the husband's direction to the Air Force to cease making payments directly to his former wife. Since the husband was invested with complete control of the pension and charged by the property settlement with insuring that the wife's portion be disbursed to her, it is hard to understand the majority's statement that no estate was conveyed to the husband as trustee.
 
 
 31
 I would find that a valid trust arrangement was created as an integral part of the property settlement agreement. I would further find that this trust arrangement gave rise to a fiduciary relationship and that the husband committed a defalcation by defaulting on his obligation in violation of that relationship. Because a debt arising from "defalcation while acting in a fiduciary capacity" is not dischargeable under 11 U.S.C. Sec. 523(a)(4), I would reverse that portion of the district court's judgment that discharged the husband's obligations to unpaid benefits that accrued prior to bankruptcy.
 
 
 
 [1]
 11 U.S.C. Sec. 727(b) provides that:
 Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
 
 
 [2]
 11 U.S.C. Sec. 523(a)(5) provides:
 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt--
 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement....
 
 
 [3]
 Cal.Civ.Code Sec. 2223 provides:
 INVOLUNTARY TRUSTEE, WHO IS. One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner.
 Cal.Civ.Code Sec. 2224 provides:
 INVOLUNTARY TRUST RESULTING FROM NEGLIGENCE, ETC. One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.