FLETCHER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s holding that future payments of pension benefits are not dischargeable. I disagree, however, with its conclusion that those benefits that accrued prior to Mr. Teichman’s filing for bankruptcy are dischargeable.
Contrary to the majority’s finding, I believe Mr. Teichman was, by virtue of the parties’ property settlement agreement, a trustee for the purpose of receiving and disbursing to Mrs. Teichman her share of the pension benefits. The majority correctly notes that California courts have held that particular property settlements created trusts when the elements of a legal trust were present. See Nicholas v. Nicholas, 110 Cal.App.2d 349, 242 P.2d 679 (1952); Miranda v. Miranda, 81 Cal.App.2d 61, 183 P.2d 61 (1947). However, the majority mischaracterizes the settlement agreement as simply a division of the couple’s property and nothing more. While the majority recognizes the husband’s responsibility to see that the Air Force paid the wife’s share directly to her, it concludes that no money was meant to be held by the husband for the wife, and therefore no property was conveyed to the husband as trustee. This reasoning ignores the fact that the husband had complete control over the wife’s property interests in the Air Force pension. This control was clearly manifested by the husband’s direction to the Air Force to cease making payments directly to his former wife. Since the husband was invested with complete control of the pension and charged by the property settlement with insuring that the wife’s portion be disbursed to her, it is hard to understand the majority’s statement that no estate was conveyed to the husband as trustee.
I would find that a valid trust arrangement was created as an integral part of the property settlement agreement. I would further find that this trust arrangement gave rise to a fiduciary relationship and that the husband committed a defalcation by defaulting on his obligation in violation of that relationship. Because a debt arising from “defalcation while acting in a fiduciary capacity” is not dischargeable under 11 U.S.C. § 523(a)(4), I would reverse that portion of the district court’s judgment that discharged the husband’s obligations to unpaid benefits that accrued prior to bankruptcy.