In re Robert P. BEAUCHAINE, Debtor.

Donna M. BEAUCHAINE, Plaintiff,

v.

Robert P. BEAUCHAINE, Defendant.

Bankruptcy No. 8910266.
Adv. No. 891046.

United States Bankruptcy Court,
D. Rhode Island.

April 12, 1990.

David M. St. Germain, Pawtucket, R.I., for debtor.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., for plaintiff.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the plaintiff, Donna M. Beauchaine's, Motion for Summary Judgment,

wherein she seeks to have certain debts declared nondischargeable pursuant to § 523(a)(4)[1]. The issue is whether the debtor's obligation to pay his former wife one half of the value of his profit sharing and pension plan under a separation agreement, Exhibit G, is dischargeable under § 523(a)(4). The debtor objects, contending that he was not acting in a fiduciary capacity, vis-a-vis the funds in question. Since no facts are in dispute, the decision herein is dispositive, we believe.

Our inquiry begins, and ends, with a consideration of the fiduciary relationship requirements under § 523(a)(2)(4). The case law is abundantly clear that a fiduciary relationship does not arise under this section except under an express or technical trust. *Rhode Island Lottery Commission v. Cairone (In re Cairone)*, 12 B.R. 60 (Bankr.D.R.I.1981); *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395 (9th Cir.1985); *Hayton v. P.T. Eichelberger (In re Eichelberger)*, 100 B.R. 861, 863 (Bankr. S.D. Tex.1989); *Kidder v. Freeman (In re Freeman)*, 101 B.R. 698, 700 (Bankr.E.D. Okla 1989); and *Lanker v. Wheeler (In re Wheeler)*, 101 B.R. 39, 45 (Bankr.N.D.Ind. 1989). "The fiduciary relationship referred to in § 523(a)(4) has been held to be limited to express and technical trusts." *In re Cairone, supra*, at 62. Such trusts are formed by agreement between the parties, wherein they express their intent to create a trust relationship. *In re Freeman, supra*, at 701. "Thus, debts, arising from equitable trusts or trusts implied in law (i.e., such as constructive trusts) are excluded from the parameters intended for § 523(a)(4)." *Id.; see also In re Cairone, supra*, at 62 ("[i]mplied or constructive trusts and trusts ex maleficio, i.e., trusts imposed because of wrongdoing on the part of the person to be charged as trustee ... are not susceptible to the establishment of a fiduciary relationship under the Code"). It is also generally accepted that "as a general rule, § 523(a)(4)'s fiduciary relationship should not apply in connection with a property settlement agreement and a divorce decree." *In re Wheeler, supra*, at 46; *see also In re Teichman, supra*, at 1400; *In re Eichelberger, supra*, at 865.

As we have previously held in *In re Cairone, supra*, at 62, an express trust must contain the following features: (1) an explicit declaration of the creation of a trust, (2) a clearly defined trust res, and (3) the intent to create a trust relationship. Moreover, where a separation or property settlement agreement is involved, "the language of the decree [agreement] [must] unequivocally establish a fiduciary relationship rather than a creditor/debtor relationship between the spouses," *In re Eichelberger, supra*, at 865, and "[o]ther obligations should not be exempted as fiduciary obligations unless clearly intended by the parties at the time of the agreement to be fiduciary ones." *In re Teichman, supra*, at 1400.

Based on the facts present in the instant matter we are compelled, albeit reluctantly, to conclude as a matter of law that no fiduciary relationship existed between the parties, nor was the intent to create one ever expressed. The separation agreement, Exhibit G, provides in pertinent part that:

A. *Profit Sharing*

The Husband has a profit sharing plan through his employer, North Atlantic Millwork Corporation, which will be one hundred (100%) percent vested as of December 31, 1986 assuming his continued employment with said employer. The parties agree that the Wife shall be entitled to fifty (50%) percent of the actuarial value of that plan determined as of the date of the execution of this Agreement, which at the present time would equal Two Thousand Four Hundred Three and 19/100 ($2,403.19) Dollars. This payment shall be made directly to the Wife

---

**1.** The plaintiff's complaint initially was brought pursuant to §§ 523(a)(2), (4) and (5). However, the parties agreed to have the Providence County Family Court determine whether the defendant's outstanding debts due the plaintiff were in the nature of property settlement or, instead, in the nature of maintenance, alimony or support. The Family Court decided that said debts were in the nature of a property settlement. Therefore, the plaintiff's § 523(a)(2) and (5) claims are not before us for resolution.

*at the Final Divorce Hearing.* (Emphasis added.)

B. *Pension*

The Husband has an interest in a pension plan with his employer, North Atlantic Millwork Corporation.... After independent analysis by experts hired by both parties, it is agreed that the present value of the Husband's accrued benefit totaled Six Thousand Six Hundred Sixty-Six ($6,666.00) Dollars as of January 31, 1987. Therefore, the Husband agrees to convey one-half (½) of this amount, or Three Thousand Three Hundred Thirty-Three ($3,333.00) Dollars to the Wife *upon the execution of this Agreement.* (Emphasis added.)

Clearly, the language of this agreement does not evidence an intent by the parties to create either a technical or an express trust. For example, there is no requirement that the debtor hold or preserve the monies accrued in his profit sharing or pension plan for the benefit of his former wife. Rather, the agreement specifically states that the debtor is to pay his former wife her portion of the profit sharing plan *at the Final Divorce Hearing*, and to pay her the proceeds of the pension plan *upon the execution of this Agreement.* The agreement, to be sure, created a debtor-creditor relationship, but it does not contain evidence of intent to create a trust relationship within Exhibit G of the separation agreement, as was found by the Court in *In re Eichelberger, supra.* In that case, the Bankruptcy Court for the Southern District of Texas found that "the language of the decree unequivocally established a fiduciary relationship rather than a creditor/debtor relationship between the spouses." *Id.* at 865. This finding was based on the following facts, not present in the instant dispute:

> the divorce decree specifically designated debtor as trustee for Ms. Hayton with respect to her community property interests in the plan. Second, the divorce decree imposed a trust on specifically identifiable property, namely one-half of debtor's interest in the plan or $130,686. Third, the decree sets forth specific fiduciary duties to be performed by Dr. Ei-

chelberger, including segregating the decreed amount in a separate account, providing copies of all plan reports and other germane information regarding the plan, and insuring that no limitations be placed on Ms. Hayton's right to direct the investment of the segregated account.

*Id.* at 865.

Here, besides the total absence of any evidence suggesting an intent to create a trust relationship, the agreement also fails to impose any fiduciary duties on Mr. Beauchaine with respect to the monies at issue. Instead, Mr. Beauchaine's obligations to his former wife arose, as debts, on only two specific occasions—at the time of the execution of the agreement, and at the time of the final divorce hearing. No continuing duties to invest or otherwise hold the proceeds for the benefit of Ms. Beauchaine may be inferred from the language of the agreement. In summary, no trust relationship was created, either by Exhibit G to the separation agreement, or by any conduct of the parties which would constitute such intent.

Accordingly, it is ORDERED that the plaintiff's Motion for Summary Judgment be and is DENIED, and that the debts in question are determined to be dischargeable.

Enter Judgment accordingly.