### In re Allan BECK and Deborah Beck, Debtors.

**Bankruptcy No. 91–34061.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Oct. 7, 1994.

John Hunter, Sr., Trustee, Toledo, OH.

John L. Jacobson, Toledo, OH, for debtors.

Mary L. Bendycki, Toledo, OH, for Cynthia Horne.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing upon Debtor Allan Beck's Motion to Reopen the Case; and the Motion in Opposition of Cynthia L. Horne. This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court will deny Debtor's Motion to Reopen.

### FACTS

On November 2, 1983, the Debtor Allan Beck (hereafter "Beck") and his wife Cynthia L. Beck, now Cynthia L. Horne (hereafter "Horne"), obtained a dissolution of their marriage. The separation agreement, which was incorporated into the dissolution decree, provided that Horne would convey her interest in their home to Beck. The decree also provided that Horne would receive Four Thousand Dollars ($4,000.00) from Beck when Beck sold the property. This amount was to represent one half the equity the Becks had in the home at the time of the execution of the agreement.

On December 14, 1990, Beck took out a second mortgage on the property. On October 16, 1991, Allan Beck and his new wife Deborah Beck filed for bankruptcy under Chapter 7, and this Court granted them a discharge on February 24, 1992. On November 9, 1993, the subject property was foreclosed and sold at a Sheriff's sale.

On March 22, 1994, Horne filed a Motion to Show Cause in the Domestic Relations Division of State Court regarding the failure of Beck to convey the Four Thousand Dollars ($4,000.00) as mandated by the separation agreement. Beck subsequently filed the present Motion to Reopen with this Court, seeking this Court's approval to amend his schedules in the previous bankruptcy action and obtain discharge of the Four Thousand Dollars ($4,000.00) owed to Horne upon the sale of his home. The State Court action is presently stayed pending this Court's decision.

### LAW

**11 U.S.C. § 101**

**§ 101.  Closing and reopening cases**

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance is such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured, or unsecured.

**11 U.S.C. § 350**

**§ 350.  Closing and reopening cases**

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**11 U.S.C. § 502**

**§ 502.  Allowance of claims or interests**

(c) There shall be estimated for purpose of allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

(2) any right to payment arising from a right to an equitable remedy for breach of performance.

11 U.S.C. § 727

§ 727. Discharge

    (b) Except as provided in section 523 of this title, a discharge under subsection (a) discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

### DISCUSSION

■ Matters concerning the administration of the debtor's estate, and the allowance or disallowance of claims against the estate, are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

The law in the Sixth Circuit regarding the reopening of bankruptcy cases pursuant to § 350(b) of the Bankruptcy Code in no asset situations has been stated as follows:

Under current law, [a debtor] may be prevented from amending [his] schedule *only* if [his] failure to include the creditor on the original schedule can be shown to have prejudiced him in some way or to have been part of a scheme of fraud or intentional design. *In re Soult*, 894 F.2d 815, 817 (1990) citing *In re Rosinski*, 759 F.2d 539, 541 [1985] (emphasis in original).

However, both *Soult* and *Rosinski* deal with situations where the debt prayed to be discharged through the reopening of the case was a pre-petition debt. This is not the situation in the present case. The pertinent terms of the dissolution decree at issue in the present case are as follows:

*At the time the husband sells said residential property,* he shall pay wife $4,000.00

representing one-half of the equity in said property at the time of the execution of this agreement. (emphasis added).

Thus, Beck's debt to Horne did not arise until the property was sold. Because Beck was granted a discharge by this Court on February 24, 1992, prior to the November 9, 1993 sale, there was no debt that could have been discharged even if Beck had referenced in his schedules the contingent obligation to Horne at the time of his petition as mandated by the Bankruptcy Code.

Arguments could be made that because § 502(c) mandates that contingent claims be estimated by the Bankruptcy Court and allowed (and thus subsequently discharged), that the contingent obligation created in the separation agreement should likewise be estimated and allowed. Such an argument requires scrutiny of the term "claim" as defined by § 101(5). A similar situation was at issue in *In re Teichman*, 774 F.2d 1395 (9th Cir.1985). See also *Bush v. Taylor*, 912 F.2d 989 (8th Cir.1990). In *Teichman*, the Debtor was obligated under a dissolution agreement to pay 43% of his retirement benefits to his former wife. The Debtor sought discharge of pre-petition and post-petition retirement payments, arguing that both were "claims" that could be discharged in a bankruptcy proceeding. The *Teichman* court found that though pre-petition arrearages could be discharged, post-petition payments were not "debts" and thus could not be discharged through bankruptcy. *Teichman* at 1398.

In its analysis, the *Teichman* court noted that § 727(b) discharges a debtor from all debts that arose *before* the bankruptcy. *Id* at 1397. The debtor argued that because the obligation to pay his former wife was created by the pre-petition property settlement, the pre-petition obligation was subject to discharge under the Bankruptcy Code. *Id* at 1398. The court found, however, that because the debtor was under no obligation to pay his former wife until his retirement benefits were paid to him, the debt did not arise under the Code until each payment was due. *Id.* Thus, the obligation was not dischargeable.

This Court finds *Teichman* persuasive in the present case. Like the debtor in *Teich-*

*man,* Beck had no "debt" owing to Horne at the time of the filing of the bankruptcy petition. The fact that a possible future obligation was created pre-petition is not controlling. Also like the situation in *Teichman,* the dissolution decree apparently contemplated that future funds, from the sale of the home, were to be used to pay the contingent future obligation. Further, had Beck never sold the house, his obligation to Horne would never have arisen. Thus, the obligation was not a claim that could be dischargeable under § 727(b).

■ Section 350(b) of the Bankruptcy Code provides that the Bankruptcy Court may only reopen a case to accord relief to the debtor, or for other "cause". Because there is no relief that can be accorded the Debtor in this case, and no other "cause" has been proposed, this Court will deny Debtor's Motion to Reopen.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Debtor's Motion to Reopen be, and is hereby, DENIED.