

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CHRISTOPHER A. EBERTS, | No. 13-55691 |
| Debtor, | D.C. No. 2:11-cv-08827-MWF |
| PALM FINANCE CORPORATION, a California corporation; et al., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| CHRISTOPHER A. EBERTS, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LIPEZ,[***] WARDLAW, and MURGUIA, Circuit Judges.

Palm Finance Corporation ("Palm"), Night Train Films, LLC ("NTF"), and A-Mark Entertainment, LLC ("AME") commenced an adversary proceeding against Christopher A. Eberts during his Chapter 7 bankruptcy proceedings. Palm, NTF, and AME sought the bankruptcy court's determination that the debts owed to them were nondischargeable under certain provisions of the bankruptcy code. The bankruptcy court concluded that part of Palm's claimed debt was nondischargeable and that it was entitled to prejudgment interest pursuant to 28 U.S.C. § 1961, but ruled in Eberts's favor on the remaining claims. The district court affirmed, and Palm, NTF, and AME appealed. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

1. The bankruptcy court properly concluded that NTF's claim was not excepted from discharge under 11 U.S.C. § 523(a)(4) because Eberts was not a fiduciary of NTF. *See Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986) ("[D]ebts that arise from fraud or defalcation while [the debtor was] acting in a fiduciary capacity . . . are nondischargeable." (second alteration in original) (internal quotation marks omitted)). NTF has identified no provision of California

[***] The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

2

law creating a "second-tier fiduciary" relationship between Eberts and NTF. *See id.* at 796 ("Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be consulted to determine when a trust in this strict sense exists."). Nor has NTF shown that the terms of the NTF Operating Agreement, or Eberts's responsibility for the NTF funds, amounted to an express or technical trust creating a fiduciary relationship under § 523(a)(4). *See id.*; *see also Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir. 1996); *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395, 1398-99 (9th Cir. 1985).

2. The bankruptcy court properly held that NTF's claim was not excepted from discharge under § 523(a)(4). *See* 11 U.S.C. § 523(a)(4) (debts acquired as a result of embezzlement are nondischargeable). The bankruptcy court did not clearly err in finding that the third element of embezzlement—circumstances indicating fraud—was not shown. *Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555-56 (9th Cir. 1991). The record supports the bankruptcy court's finding that Eberts was engaging in "sloppy business practices" without an intent to defraud NTF. Eberts was juggling funds among the various productions in which he was involved, and in which NTF had no interest. And, in the end, Eberts was unable to repay his debt to NTF. However, these facts plausibly lead to the bankruptcy court's finding that Eberts

3

had no intent to defraud NTF, and that no circumstances indicating fraud were present. *Id.*

3. The bankruptcy court did not clearly err in finding that NTF's claim was not excepted from discharge under 11 U.S.C. § 523(a)(6). *See* 11 U.S.C. § 523(a)(6) (debts acquired as a result of "willful and malicious injury by the debtor to another entity or the property of another entity" are nondischargeable); *Ormsby v. First Am. Title Co. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) ("In this Circuit, § 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." (internal quotation marks omitted)). Again, though Eberts engaged in "sloppy business practices," the record does not support either a subjective motive to inflict injury on NTF, or a belief that such injury was substantially certain to result from his conduct. *Ormsby*, 591 F.3d at 1206.

4. The bankruptcy court correctly calculated the prejudgment interest awarded to Palm in accordance with federal rather than state law. *See Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862, 871 (9th Cir. 2001) ("The federal prejudgment interest rate applies to actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate."). Palm

brought its claim against Eberts under 11 U.S.C. § 523(a)(2)(A), a federal statute, and Palm does not contend that the equities warrant the application of state law.[1]

*Id.*

**AFFIRMED.**

---

[1] *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1463 (9th Cir. 1997) held only that where the underlying debt arose under state law, whether to award prejudgment interest—not the rate of the prejudgment interest awarded—is governed by state law. Thus, *Niles* does not control our determination of which prejudgment interest rate applies to Palm's claim.

5