**In re Frederick Merrill MABREY, SS# 403–56–3504, Debtor.**

**Bankruptcy No. 1–82–02593.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 16, 1985.

Richard E. Reverman, Cincinnati, Ohio, for debtor.

Frederick Merrill Mabrey, Cincinnati, Ohio, pro se.

Thomas F. Waldron, Cincinnati, Ohio, Interim Trustee.

## DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPT PROPERTY

BURTON PERLMAN, Bankruptcy Judge.

The trustee in this case has filed an Objection to Claim of Exempt Property. He objects to:

"... 'profit sharing retirement plan and pension plan & (sic) Anesthesia Assoc. of Cinti. (A)(X)(a) $33,000.00 Est.' for the reason that it is not a retirement plan of

the debtor but is rather an amount to which the debtor is entitled under the terms of a Divorce Decree from his ex-wife as testified to by the debtor at the 341 Meeting held in this proceeding." The matter came on for hearing.

The relevant exemption statute is Ohio Revised Code § 2329.66(A)(10)(b):

(b) The person's right to receive a payment under any pension, annuity (sic), or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time his rights under the plan or contract arose;

(ii) The payment is on account of age or length of service;

(iii) The plan or contract is not qualified under the "Internal Revenue Code of 1954," 68A Stat. 3, 26 U.S.C. 1 as amended.

The subject matter for which exemption is sought is the one-half interest acquired by debtor ex-husband incidental to his divorce from his ex-wife, "in her participant accounts with the Anesthesia Associates of Cincinnati, Inc. Profit Sharing Retirement Plan and Pension Plan which had accrued at the time of journalization of this decree." (Divorce Decree p. 4.)

It is the contention of the trustee that the subject interest is not exempt because it is merely a chose in action which, in accordance with the appropriate statutes of Ohio is reachable by a creditor's bill. Debtor, to the contrary, contends that the interest is exempt because it falls squarely within the language of the pertinent Ohio exemption statute, being a "right to receive a payment under any pension, annuity, or similar plan or contract." Neither party has produced any helpful authority on the question.

The following observations regarding provisions of the separation agreement between the parties by which the present interest of debtor arose, are relevant. Debtor's former spouse was an employee of Anesthesia Associates of Cincinnati, Inc., and was a participant in their profit sharing retirement plan and pension plan. At a property hearing in connection with the divorce proceeding, the court awarded debtor a one-half interest in his divorcing wife's interest in such accounts to the extent that they had accrued at the time of the decree. The property settlement agreement further discloses that the parties agreed that debtor's interest in such accounts, amounting to $31,635.50, would be segregated into a separate directed investment account to be held in debtor's name. The trustee of the plan was to be requested by the ex-wife to make payments of benefits to debtor on the happening of (a) the death of the ex-wife, (b) the total disability of the ex-wife, or (c) the separation of service of ex-wife from the employ of Anesthesia Associates of Cincinnati, Inc.

The property agreement between the parties also provides that debtor was to have the power to control absolutely his ownership rights in the subject plans "including the right to alienate his interest by assignment."

■ It is manifest from the face of the Ohio statute itself, that the concern of the legislature in exempting property rights such as those before us was to preserve the ability of a person to provide for himself or his dependents, in the event of his illness, disability or death. Particularly is this apparent where the exemption is limited "to the extent reasonably necessary for the support of the person and any of his dependents."

■ We deduce from this reading of the statute that the exemption is personal to the individual whose work gave rise to the right to receive the pension or like payment. The interest of an assignee of a

portion of the right of the worker is not served in the same manner as is that of the worker. The assignee does not acquire the right to the proceeds of the plan upon any misfortune by way of illness, disability or death in his own life, and therefore the interest towards which this exemption is directed does not serve him. We could develop this distinction to the absurd by way of example. For instance, a worker participant in such a plan might assign a portion of his interest in the plan to a furniture store as payment for a piece of furniture. To hold that such an assignment was exempt to the furniture store would clearly make a mockery of the intended benificent purpose of the exemption contained in O.R.C. § 2329.66(A)(10)(b).

Accordingly, we find the issues on the objection of the trustee to the exemption claimed by debtor in favor of the trustee, and sustain his objection to the claim of exempt property in the profit sharing retirement plan and pension plan of Anesthesia Associates of Cincinnati, Inc.

SO ORDERED.