In re Kathleen P. RITTER, Debtor.

Bankruptcy No. 95 B 11967.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 14, 1995.

**324**

Gregory J. Martucci, Steven H. Mevorah & Associates, Lombard, IL, for Kathleen P. Ritter, Debtor.

David E. Grochocinski, Trustee, Grochocinski & Grochocinski, Palos Heights, IL.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objection of David E. Grochocinski, the Chapter 7 trustee (the "Trustee") to the Debtor's claimed exemptions to two retirement accounts referred to herein by their popular acronyms: an IRA and a Keogh. For the reasons set forth herein, the Court hereby overrules the objection and allows the claimed exemptions.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. FACTS AND BACKGROUND

The Debtor established the subject accounts with Smith Barney & Co. prepetition. Approximately $15,000.00 was in the Keogh and $11,000.00 in the IRA at the time of the bankruptcy petition filing on June 14, 1995.[1] At the time of the meeting of creditors held pursuant to 11 U.S.C. § 341, the Debtor testified that she had withdrawn some of the funds to defray her living expenses and pay her attorney's fees for this case during her unemployment, and would so continue to use the funds for living expenses until other sources of income or funds were obtained. The Debtor has claimed the funds in the IRA and Keogh exempt pursuant to 735 ILCS 5/12–1006.

The Trustee maintains that the claimed exemptions fail to meet the requirements of 735 ILCS 5/12–1006 because the Debtor began to receive distributions prior to reaching age 59½. The Trustee contends that the Illinois statute does not refer to the time the accounts were created in order to qualify for exempt treatment, but rather to the time the Debtor claimed the accounts exempt when she filed her bankruptcy petition. Thus, the Trustee contends neither account could have been created at that time to qualify as a retirement account under the Internal Revenue Code of 1986, as amended. Moreover, the Trustee maintains that the Debtor's use of the funds and need for further use are indicative of her intent not to save for her retirement, but to use the accounts as a savings device to draw upon for current financial needs.

The Debtor responds that the Illinois statute provides for the exemptions to be effective at the time the accounts were created and continues throughout their existence, notwithstanding her admitted past use, and possible future use, of some of the funds to

---

**1.** Sections 401(a) and 408(a) of the Internal Revenue Code set forth the respective requirements for qualified Keoghs (and other types of ERISA retirement plans) and IRAs. Such tax-shelter retirement plans generally allow for tax deductions up to statutory limits for contributions made to such retirement plans, attendant deferral from recognition of and current liability for payment of income taxes therefor, and subsequent recognition of the tax-sheltered income and earnings thereon resulting in payment of tax

by the beneficiary employee or self-employed taxpayer when future distributions are made from the qualified plan, usually, but not always, upon retirement. *See generally* 26 U.S.C. §§ 401(a) and 408(a). Any distribution prior to reaching age 59½ is usually subject to treatment as taxable income and a 10 percent penalty. *See generally* 26 U.S.C. §§ 402 and 408. The Trustee has not challenged the establishment, creation, or qualification of the Keogh or IRA for federal income tax purposes.

defray her living expenses during her unemployment. The Debtor relies on *Auto Owners Ins. v. Berkshire,* 225 Ill.App.3d 695, 167 Ill.Dec. 1100, 588 N.E.2d 1230 (2d Dist.1992) for the proposition that her claimed exemption continues in the Keogh and IRA and their traceable proceeds as long as she uses them for her support.

There appear to be no contested material facts. Neither party sought to supplement the record with any testimonial or documentary evidence. Rather, both parties rested on their papers.

### III. *APPLICABLE STANDARDS*

■ The Trustee's objection is solely addressed to the exemptions claimed by the Debtor under the subject Illinois statute because she has used some of the account proceeds to pay her living costs and her legal expenses of this bankruptcy case while unemployed. Thus, focus on the relevant Illinois exemption statute is in order instead of on the technical requirements for qualifications of the accounts for favorable tax treatment under the Internal Revenue Code of 1986. Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. The controlling Illinois statute that sets forth the exemption for retirement plans provides in relevant part:

(a) *A debtor's interest in or right,* whether vested or not, *to the assets held in or to receive* pensions, annuities, *benefits, distributions,* refunds of contributions, *or other payments under a retirement plan is exempt* from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts *if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986....*

(b) "Retirement plan" includes the following:

(1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;

.  .  .  .  .

(3) an individual retirement annuity or individual retirement account;

.  .  .  .  .

(d) This Section applies to interests in retirement plans held by debtors subject to bankruptcy, judicial, administrative or other proceedings pending on or filed after August 30, 1989.

735 ILCS 5/12–1006 (emphasis supplied).

■ Personal property exemption statutes are to be construed liberally in order to protect debtors. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). *Barker* noted that when an exemption statute might be interpreted favorably or unfavorably with regard to a debtor, federal courts should interpret the statute in a manner that favors the debtor. 768 F.2d at 196. "Where the purpose of an exemption is to protect income necessary for the support of a debtor and his family, it makes no sense to allow the funds to be exempt so long as the debtor cannot use them." *Auto Owners Ins. v. Berkshire,* 225 Ill.App.3d 695, 698, 167 Ill.Dec. 1100, 1102–1103, 588 N.E.2d 1230, 1232–33 (2d Dist. 1992) (collected citations omitted). *Berkshire* also aptly noted that funds representing proceeds of retirement benefits paid to a debtor by his former employer do not lose their exempt status as retirement funds when the debtor deposits them into his checking account. 225 Ill.App.3d at 700–01, 167 Ill.Dec. at 1104, 588 N.E.2d at 1234.

■ Federal Rule of Bankruptcy Procedure 4003(c) governs hearings on disputed claims of exemption and objections thereto. Rule 4003(c) expressly places the burden of proof on the objecting party to prove the exemption is not properly claimed. FED. R.BANKR.P. 4003(c). This is in marked contrast to the rule applicable in Illinois state courts where the person alleging an exemption in property has the burden of proving it. *See, e.g., McMasters v. Alsop,* 85 Ill. 157 (1877). The Trustee, as the objecting party under Bankruptcy Rule 4003(c), has the burden of proving that the exemptions are not properly claimed. Some courts, however, have seemingly shifted the burden of proof to

the debtor, notwithstanding Bankruptcy Rule 4003(c). *See In re Russell*, 60 B.R. 190, 193–94 (Bankr.M.D.Fla.1986); *In re Patterson*, 128 B.R. 737, 740 (Bankr.W.D.Tex.1991). The standard of required proof is presumably a preponderance of the evidence. *See* Salerno and Udall, *Bankruptcy Litigation and Practice: A Practitioner's Guide*, § 8.65 (2d ed. 1995).

■■■ Under Federal Rule of Bankruptcy Procedure 9017, the Federal Rules of Evidence apply to this contested matter. Federal Rule of Evidence 301 provides in pertinent part that in civil proceedings not otherwise provided for by federal statute or the rules of evidence, "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof ... which remains ... upon the party on whom it was originally cast." FED.R.EVID. 301. Moreover, Federal Rule of Evidence 302 states that "the effect of a presumption respecting a fact which is an element of a claim ... as to which State law supplies the rule of decision is determined in accordance with State law." FED.R.EVID. 302. The application of Rule 302 is critical here in light of the lack of any evidence submitted by either party to supplement the pleadings they filed. In Illinois, it is presumed that all people act fairly, honestly and in good faith. *See Weininger v. Metropolitan Fire Ins. Co.*, 359 Ill. 584, 597, 195 N.E. 420, 425 (1935). Bad faith will not be presumed. *Olson v. Rossetter*, 330 Ill.App. 304, 320, 71 N.E.2d 556, 563 (1st Dist.1947), *aff'd*, 399 Ill. 232, 77 N.E.2d 652 (1948); *Crest Commercial, Inc. v. Union–Hall, Inc.*, 104 Ill.App.2d 110, 118, 243 N.E.2d 652, 657 (2d Dist.1968). Thus, for purposes of this matter, the Court must presume that the Debtor intended in good faith to create or establish the subject accounts to qualify as retirement plans under the Internal Revenue Code. The Trustee has the burden of proof and of going forward with evidence to sustain his objection to the Debtor's claimed exemptions.

## IV. DISCUSSION

■■■ The Court hereby finds that the Trustee's objection to the Debtor's claim of exemption to the subject accounts lacks merit, and is unsupported by any evidence to show that the Debtor lacked the requisite good faith intent to qualify the accounts as such tax-sheltered retirement plans under the applicable provisions of the Internal Revenue Code. The Trustee has critically failed to offer any evidence to show that either the Keogh or the IRA were not established in conformity with the technical and other requirements of the Internal Revenue Code or the relevant regulations promulgated by the Internal Revenue Service concerning the accounts or their qualified status as such retirement plans.

■■■ The Court rejects the Trustee's conclusory argument that the Keogh and IRA only became exempt at the time the Debtor filed her bankruptcy petition, after she had used some of their proceeds for her support and other expenses. The controlling Illinois statute does not impose such a time restriction on debtors who claim the exemption provided them, and the Court will not construe such a limitation to exist where the Illinois General Assembly has not legislatively expressed one. Section 12–1006(a)(i), (b)(1), and (3) makes it clear that all of a debtor's interest in the assets held under such retirement plans is exempt as long as the IRA or Keogh were intended in good faith to qualify under the applicable provisions of the Internal Revenue Code. No such timing limit, as argued by the Trustee, is expressly or impliedly contained within the statutory text. The Trustee has not proferred any evidence that these accounts were not intended to be established or maintained by the Debtor in "good faith" to qualify as retirement plans under the applicable provisions of the Internal Revenue Code. It is the Debtor's intent for such retirement plans to qualify under the Internal Revenue Code in good faith that is critical.

■■■ "[S]ection 12–1006 allows the debtor to receive benefits and to use them as well. Any other interpretation frustrates the legislative policy and renders the statue meaningless." *Berkshire*, 225 Ill.App.3d at 698, 588 N.E.2d at 1233. This principle applies equally to the withdrawals used to pay the Debtor's living expenses and those used to pay

her attorney's fees incurred incidental to seeking relief before this Court. A debtor's potential recognition of income tax, plus possible penalties incurred by an early withdrawal of contributions made to and earnings derived from assets in such retirement plans, or subsequent activity with respect to use of the account proceeds, is not referred to anywhere in section 12–1006. The fact that she may have incurred income tax liability, plus penalties, for her early withdrawals of funds from either account does not *ipso facto* destroy or forfeit the exemptions claimed in the balances remaining in the accounts at the time she filed the bankruptcy petition.

## V. *CONCLUSION*

For the foregoing reasons, the Court hereby overrules the Trustee's objection to the Debtor's claimed exemptions in the IRA and Keogh.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.