**In re Sarah R. LUMMER, Debtor.**

**Bankruptcy No. 97–32820.**

United States Bankruptcy Court,
S.D. Illinois.

April 8, 1998.

James P. Stiehl, Swansea, IL, for Debtor.

Donald M. Samson, Belleville, IL, for Trustee.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

This case presents the issue of whether a debtor who was awarded a portion of her former husband's military pension in prepetition divorce proceedings is entitled to exempt the pension benefits under the Illinois exemption for retirement plans. *See* 735 ILCS 5/12–1006.

The facts of the case are not in dispute. The debtor was divorced from James E. Dixon on January 6, 1988. In dissolving the marriage, the Illinois court awarded the debtor "42.5 percent of defendant's military pension benefits[,] disposable, retired or retainer pay as they now exist, or as they may be changed or amended in the future" and stated that the award of pension benefits was made pursuant to the Uniformed Services Former Spouses' Protection Act. *See* 10 U.S.C. § 1408. James E. Dixon was awarded "57.5 percent of the disposable, retired or retainer pay" in the divorce proceeding.

At the present time, the debtor receives approximately $400.00 per month as her portion of the monthly benefits payable under her former husband's military pension. When the debtor filed a petition for relief under chapter 7 on October 2, 1997, she claimed her entire interest in the pension as exempt pursuant to 735 ILCS 5/12–1006. In response, the trustee objected that the debtor's interest in the pension of another person is not protected by the Illinois exemption statute. He asserts that the exemption is intended to protect only those persons who have earned pensions through their own labor, and not a spouse who comes into his or her pension rights derivatively.

The Court notes at the outset that neither party to this dispute has addressed the issue of whether the military pension is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).[1] Rather both parties treat the pension as property to be included in the bankruptcy estate and focus entirely on the question of whether the pension is exempt.[2] Since the Court's determination that the pension is exempt property brings

about the same result as if the pension were excluded from the estate in the first instance, the Court will not decide the exclusion issue but, instead, will assume, as the parties have done, that the pension is property of the bankruptcy estate.

■ Analysis of the exemption issue begins with the dual premises that exemptions are to be construed liberally in favor of protecting debtors, *Matter of Barker*, 768 F.2d 191, 196 (7th Cir.1985), and that the trustee has the burden of proving a debtor is not entitled to a claimed exemption. Fed. R.Bankr.P. 4003(c); *In re Ritter*, 190 B.R. 323, 325–26 (Bankr.N.D.Ill.1995). Turning, then, to the language of the relevant Illinois exemption statute, the Court observes that under the plain meaning doctrine of statutory construction, it must not look beyond the language of a statute where that language is clear and unambiguous on its face. *See, e.g.*, *Matter of Barker*, 768 F.2d at 194–95; *In re Templeton*, 146 B.R. 757, 759–60 (Bankr. N.D.Ill.1992) and cases cited therein. The statute in question, 735 ILCS 5/12–1006, provides, in pertinent part:

> § 12–1006. Exemption for retirement plans. (a) A debtor's interest in or right ... to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter

---

1. Section 541 of the Bankruptcy Code provides in pertinent part:

   (a) The commencement of a case under section 301 ... of this title creates an estate ... comprised of ... the following property ...
   (1) **Except as provided in subsection[ ] ... (c)(2) of this section,** all legal or equitable interests of the debtor in property as of the commencement of the case.
   ....
   (c)(2) **A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.**

11 U.S.C. § 541(a), (c) (emphasis added).

2. The debtor appears to operate under the mistaken assumption that the military pension must be shown to be a spendthrift trust in order to be found exempt. Conversely, the trustee argues that the pension does not qualify for exemption because it lacks appropriate anti-alienation language and is reachable by the trustee in bankruptcy. These inquiries go to the determination of whether the military pension is excluded from the estate under § 541 and are not relevant to the issue of whether the pension is eligible for exemption by the debtor.

amended....[3]

(b) "Retirement plan" includes the following: (1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement...; (2) a government or church retirement plan or contract;

....

(c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended ... is conclusively presumed to be a spendthrift trust under the law of Illinois.

735 ILCS 5/12–1006 (footnotes omitted).

■ The Court finds the language of § 12–1006(a) to be unequivocal in protecting **any** interest a debtor may have in the assets of a pension or retirement plan and **any** right to receive benefits, distributions, or other payments under such a plan. Had the Illinois legislature wished to restrict the coverage of this section to debtors who earn pension rights as the fruit of their own labor, it could have done so easily. Instead, the statute is drawn broadly and is. devoid of any suggestion that its scope excludes debtors who have come into their pension rights derivatively.[4]

Therefore, the only question left to decide is whether the debtor has an "interest in or right ... to" the assets held in, or the payments received under, her former spouse's military pension. 735 ILCS 5/12–1006(a). The Court concludes that the debtor meets this criterion and that her interest in the military retirement pay is exempt.

Prior to the enactment of § 1408 of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), prohibited state courts from dividing military pensions between divorcing spouses pursuant to state community property laws. Section 1408(c)(1) abrogated the effects of *McCarty* by permitting a state court to treat disposable military retirement pay which is payable to a member of the armed services "either as property solely of the member. or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). The Act, therefore, left the issue of division of military retirement pay "up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution." S.Rep. No. 502, at 16 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1596, 1611.

■ In Illinois, military pensions may be treated as marital property and are subject to apportionment between spouses in dissolution of marriage proceedings. *E.g., In re Marriage of Brown*, 225 Ill.App.3d 733, 167 Ill.Dec. 379, 383, 587 N.E.2d 648, 652 (1992); *In re Marriage of Dooley*, 137 Ill. App.3d 401, 92 Ill.Dec. 163, 165–66, 484 N.E.2d 894, 896–97 (1985). In the case at bar, the Illinois court did, in fact, divide the military pension during the 1988 divorce, awarding the debtor 42.5 percent and her

**3.** The trustee has not challenged the tax-qualified status of the military pension.

**4.** Although the trustee invokes the notion of legislative intent, he relies solely on a bankruptcy court decision from another jurisdiction, *In re Mabrey*, 51 B.R. 383 (Bankr.S.D.Ohio 1985), and not on Illinois legislative history or case law, to support his argument that the Illinois exemption statute is intended to be personal to the individual whose labor gave rise to the right to receive the pension. *Mabrey* predates the liberalized protection of interests in pensions articulated in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119. L.Ed.2d 519 (1992), and codified in 1989 by the Illinois legislature's enactment of § 12–1006. Moreover, the language of the Ohio exemption statute at issue in *Mabrey* differs markedly from that set forth in § 12–1006(a),

and conceivably could be read to create an exemption which is exclusive for the person who earns a pension through employment. It specifically protects that "person[ ] [who has a] right to receive a payment under any pension ... on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents...," Ohio Rev.Code Ann. § 2329.66(A)(10)(b), unless, *inter alia*, "[t]he plan ... was established by ... an insider **that employed the person at the time his rights under the plan ... arose ....**" *Id.* § 2329.66(A)(10)(b)(i) (emphasis added). However, the Court is not persuaded that *Mabrey* was decided correctly even based on the quoted language.

former husband 57.5 percent of the military retirement pay. The debtor, therefore, obtained, and continues to hold, an "interest in or right ... to the assets held in or to receive pensions, ... benefits, ... or other payments under a retirement plan ..." which is protected under the plain meaning of 735 ILCS 5/12–1006(a).

For the reasons stated, the Court finds that the trustee has not met his burden of proving that the debtor's interest in the military retirement pay is not properly claimed as exempt under 735 ILCS 5/12–1006. Accordingly, the trustee's objection to the debtor's claim of exemption is overruled.