# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3831

_____

|  |  |
|---|---|
| In re: Gerald E. Taylor; Betty Taylor, | * |
| | * |
| Debtors. | * |
| | * |
| _____ | * |
| | * Appeal from the United States |
| Gerald E. Taylor; Betty A. Taylor, | * District Court for the |
| | * Southern District of Iowa. |
| Appellants, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: April 12, 2000
Filed:  May 5, 2000

_____

Before BOWMAN and HANSEN, Circuit Judges, and CARMAN,[1] Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

Gerald E. Taylor and Betty A. Taylor appeal the district court's[2] decision affirming the bankruptcy court's[3] dismissal of their bankruptcy petition. The bankruptcy court determined that the Taylors' petition constitutes a substantial abuse of the bankruptcy system because the Taylors are able to pay their creditors. See 11 U.S.C. § 707(b) (authorizing dismissal upon a finding of substantial abuse of the bankruptcy system); In re Walton, 866 F.2d 981, 982 (8th Cir. 1989) (holding that dismissal of a bankruptcy petition pursuant to § 707(b) is appropriate when a reviewing court finds that debtors possess the ability to pay their creditors). In reaching its conclusion regarding the Taylors' ability to pay their creditors, the bankruptcy court included income from Gerald Taylor's ERISA[4]-qualified pension in its calculation of the Taylors' disposable income. Acting as an appellate court, the district court reviewed the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. See In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir. 1996) (citations omitted). After conducting its review, the district court upheld the bankruptcy court's findings and conclusions. (See Dist. Ct. Ord. at 5.) We conduct a second, independent review of the bankruptcy court's decision applying the same standards as the district court. See Fairfield Pagosa, 97 F.3d at 252.

The question of whether a bankruptcy court may include an ERISA-qualified pension in its calculation of a petitioner's disposable income is an issue of first impression in this circuit. In In re Koch, 109 F.3d 1285, 1287-90 (8th Cir. 1997), we

---

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[3]The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

[4]The Employee Retirement Income Security Act of 1974 (codified as amended at 29 U.S.C. §§ 1001-1461 (1994 & Supp. III 1997) and in scattered sections of Title 26 U.S.C.).

held that a debtor's disability payments could be considered in the disposable income calculus even though the payments were classified as exempt from creditors under South Dakota state law and, therefore, exempt from creditors under Chapter 7 of the United States Bankruptcy Code. We concluded that the relevant inquiry is not whether the payments are exempt from creditors in a Chapter 7 proceeding but whether the challenged payments would constitute income in a hypothetical proceeding under Chapter 13 of the United States Bankruptcy Code. See id. at 1288-89.

Chapter 13 affords "an individual with regular income" the option of preserving their "pre-petition assets through a three- to five-year plan funded primarily" with that individual's regular income. Id. at 1288 (citing 11 U.S.C. § 109(e)). If, however, an unsecured creditor or trustee objects to the confirmation of the Chapter 13 plan, the debtor can obtain Chapter 13 relief only if the plan "provides that all of the debtor's projected disposable income to be received [during the three-year plan] will be applied to make payments under the plan." Id. at 1289 (quoting 11 U.S.C. § 1325(b)(1)(B)). Disposable income is income received by the debtor that is not reasonably necessary for support of the debtor, the debtor's dependants, or the debtor's business. Id.; 11 U.S.C. § 1325(b)(2)(A) and (B). As the bankruptcy court determined, Gerald Taylor's ERISA-qualified pension is not reasonably necessary to support the Taylors. Hence, it is disposable income as defined in § 1325(b)(2)(A) and (B).

The Taylors argue that ERISA's anti-alienation provisions, see 29 U.S.C. § 1056(d)(1), exempts the pension plan from the disposable income calculation. The Taylors base their argument on Patterson v. Shumate, 504 U.S. 753 (1992). In Patterson, the Supreme Court held that ERISA's anti-alienation provision constituted an enforceable transfer restriction in a proceeding instituted under 11 U.S.C. § 541(c)(2). See 504 U.S. at 760. The Taylors contend that pursuant to the Patterson Court's interpretation of ERISA's anti-alienation provision, a bankruptcy court may not include an ERISA-qualified pension in its calculation of disposable income. The Taylors' reliance on Patterson is misplaced.

-3-

The fact that a pension is exempt from the reach of creditors does not preclude a bankruptcy court from finding that the pension is also disposable income for purposes of Chapter 13. The question of whether income from a pension is exempt from creditors is a wholly independent inquiry from the question of whether the pension income is reasonably necessary to support the debtor. See In re Morse, 164 B.R. 651, 656 (Bankr. E. D. Wash. 1994). The latter question is the pertinent inquiry for purposes of Chapter 13. See Koch, 109 F.3d at 1289. In regard to the former question, we note that nothing in the language of Chapter 13 prevents the funding of a Chapter 13 plan with exempt income. See id.; In re Hagel, 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995). Hence, the question of whether a pension plan is exempt or otherwise restricted by a federal anti-alienation provision is irrelevant in a Chapter 13 context. Accordingly, the bankruptcy court committed no error when it included Gerald Taylor's ERISA-qualified pension in its calculation of the Taylors' disposable income and dismissed the Taylors' bankruptcy petition pursuant to § 707(b). We, therefore, affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.