**In re Patricia (NMN) SATTERWHITE, Debtor.**

No. 01–60561.

United States Bankruptcy Court,
W.D. Missouri.

Jan. 4, 2002.

Richard Fink, Kansas City, Mo, Movant.

Robert V. Groce, Shari K. DeArmon, Groce, Groce & DeArmon, Springfield, MO, for debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 13 trustee objected to the confirmation of debtor Patricia Satterwhite's Chapter 13 plan and to her claim of exemption for a military pension awarded her in the dissolution of her marriage. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Military pension benefits are excluded from a bankruptcy estate because they are inalienable. Is the right to benefits assigned to a former spouse, pursuant to court order, likewise, excluded from that former spouse's bankruptcy estate?

## DECISION

The Uniform Services Former Spouse's Protection Act provides that spouses and former spouses have a proprietary, inalienable interest in the member's military pension benefits, if so awarded by a court with subject matter jurisdiction over the parties. As such, when the spouse or former spouse files a bankruptcy petition, that interest is excluded from the bankruptcy estate.

## FACTUAL BACKGROUND

On March 26, 2001, Ms. Satterwhite filed a Chapter 7 bankruptcy petition. On May 9, 2001, Ms. Satterwhite filed a motion to voluntarily convert her bankruptcy to Chapter 13, and on June 6, 2001, this Court entered an Order so converting the case. On June 15, 2001, Ms. Satterwhite filed conversion schedules and a proposed Chapter 13 plan. The Chapter 13 plan proposes to pay the Chapter 13 trustee the sum of $50.00 per month for 36 months. There is a dispute as to whether that figure represents all of her disposable income. On Schedule C Ms. Satterwhite claimed as exempt her right to receive the sum of $778.07 per month from her former husband's military pension. The Chapter 13 trustee objected to that claim of exemption and also objected to confirmation of her Chapter 13 plan for its alleged failure to comply with section 1325(a)(4) of the Bankruptcy Code (the Code). On December 14, 2001, this Court held a hearing on both objections. The Chapter 13 trustee argues that Ms. Satterwhite's right to receive the pension is an asset of the bankruptcy estate, the present value of which exceeds the amount she will pay to her unsecured creditors over the life of her plan. He, therefore, argues that Ms. Satterwhite's creditors would be better off if the case were converted to a Chapter 7 and the value of her right to receive the pension benefits was paid to the Chapter 7 trustee for distribution to her unsecured creditors. Ms. Satterwhite claims the pension is exempt, therefore, it should be excluded from her bankruptcy estate. The dispositive issue in this case is whether Ms. Satterwhite's right to receive the pension is an asset of her bankruptcy estate.

## DISCUSSION

Section 1325(a)(4) of the Code provides that a Chapter 13 debtor must pay to her unsecured creditors over the term of the proposed plan an amount no less that those same creditors would receive in a Chapter 7 liquidation:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . .

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.[1]

In other words, Ms. Satterwhite proposes to pay $1800.00 to the Chapter 13 trustee over 36 months. If the Chapter 13 trustee is correct, and Ms. Satterwhite's right to receive the sum of $778.07 per month for the remainder of her life is an asset of her estate, then the present value of that asset will surely exceed the sum of $1800.00.

Ms. Satterwhite's right to receive a portion of her former spouse's military pension is a property right that belongs exclusively to her pursuant to the Uniform Services Former Spouse's Protection Act in 1982.[2] Section 1408 of the Act provides that a court may treat disposable military retirement pay "either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."[3]

The issue, however, is whether that proprietary interest is also inalienable.

In *Whetzal v. Alderson (In re Whetzal)*,[4] the Eighth Circuit held that •a debtor's right to receive lump-sum retirement benefits from the federal government did not make those benefits an asset of his bankruptcy estate.[5] The Court reasoned that the protection of pension benefits overrides the bankruptcy policy of broad inclusion of property in the estate.[6] When a debtor files for bankruptcy protection, property in which he has a legal or equitable interest becomes property of the estate.[7] However, the Code contains a number of exceptions to this general rule. For example, the Code recognizes a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law.[8] In *Patterson v. Shumate*,[9] the Supreme Court held that a pension plan qualified under the Employee Retirement Income Security Act ("ERISA") was restricted from transfer, and, thus, a debtor could exclude his interest in an ERISA-qualified plan from the bankruptcy estate.[10] The Supreme Court did not limit its interpretation of section 541(c)(2) to ERISA anti-alienation

---

**1.** 11 U.S.C. § 1325(a)(4).

**2.** *See Corrigan v. Corrigan (In re Corrigan)*, 93 B.R. 81, 83 (Bankr.E.D.Va.1988); 10 U.S.C. § 1408.

**3.** 10 U.S.C. § 1408(c)(1); *Corrigan*, 93 B.R. at 83 *citing McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (which held that the supremacy clause of the United States Constitution prohibited state courts from dividing a military nondisability retirement pay at the time of the divorce, pursuant to state community property laws). In response, Congress enacted the Uniformed Services Former Spouses Protection Act. *See also Sadowski v. Sadowski (In re Sadowski)*, 144 B.R. 566, 568 (Bankr.M.D.Ga.1992) (holding that award of husband's military retirement benefits was ex-spouse's sole and

separate property); *Stolp v. Stolp (In re Stolp)*, 116 B.R. 131, 133 (Bankr.W.D.Wis.1990) (holding that a military pension is no different from a private pension plan and accordingly may be divisible as jointly acquired property).

**4.** 32 F.3d 1302 (8th Cir.1994).

**5.** *Id.* at 1304.

**6.** *Id.* at 1303–04.

**7.** 11 U.S.C. § 541(a).

**8.** 11 U.S.C. § 541(b)–(d) and (c)(2).

**9.** 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

**10.** 504 U.S. at 759, 112 S.Ct. at 2247.

requirements,[11] however, and other Courts have applied this same analysis to the anti-alienation restriction in other federal laws.[12] In *In re Seddon*, the debtor attempted to exempt her interest in a portion of her former spouse's Civil Service Retirement System (CSRS) awarded her pursuant to a "Consent Order Acceptable for Processing Under the Civil Service Retirement System."[13] The Chapter 7 trustee filed a motion for turnover, arguing that the debtor's interest was an asset of the bankruptcy estate. The Court held that CSRS benefits payable to an employee are excluded from the bankruptcy estate, pursuant to section 541(c)(2) of the Code, and that such an exclusion extends to benefits payable to an former spouse pursuant to a marital property settlement.[14] The *Seddon* Court first questioned whether the "Consent Order" established a proprietary interest in the retirement plan itself, or merely a derivative right to receive payments from the plan.[15] It found that debtor had a proprietary interest in the plan.[16] The Court next analyzed whether the retirement plan contained an express exception to their strict anti-alienation clauses for domestic relations orders.[17] It found a specific exception in the Civil Service Retirement Act. As the Court then stated:

> [T]he exception constitutes a recognition of a non-employee spouse's ownership interest in retirement benefits earned during the marriage.... Because the debtor possesses an independent ownership interest in the CSRS benefits, she is entitled to exclude this asset from her bankruptcy estate just as if she was the employee-participant. Furthermore, while the debtor's rights are given effect through equitable distribution orders, the funds otherwise remain subject to the Act's anti-alienability restriction.[18]

In *In re Lummer*,[19] the Court found that the scope of Illinois' exemption for military retirement plans reached parties who came by their pension rights derivatively.[20] In *Walston v. Walston (In re Walston)*,[21] the Court held that a former spouse's interest in her husband's military pension was a property right.[22] That decision comports with the Eighth Circuit's holding in *Bush v. Taylor* that a former spouse's share of a military pension is her sole and separate property.[23] Moreover, the Uniform Services Former Spouse's Protection Act (the Act) provides authority for a court to treat retired pay either as property solely of the member or as property of the member and his spouse[24] and to order that the Secretary of Defense make payments directly to the spouse or former spouse.[25] This provi-

---

11. *Id.*

12. *In re Seddon*, 255 B.R. 815, 817 (Bankr. W.D.N.C.2000) (applying the restriction to CSRS benefits).

13. *Id.* at 816.

14. *Id.* at 819.

15. *See also In re Abbata*, 157 B.R. 201, 205 (Bankr.N.D.N.Y.1993) (holding that a Qualified Domestic Relations Order gave a debtor a unique proprietary interest in the plan itself).

16. 255 B.R. at 818.

17. *Id.* at 819.

18. *Id.*

19. 219 B.R. 510 (Bankr.S.D.Ill.1998).

20. *Id.* 511–12.

21. 190 B.R. 66 (E.D.N.C.1995)

22. *Id.* at 67.

23. 912 F.2d 989, 993 (8th Cir.1990).

24. 10 U.S.C. § 1408(c)(1) (1998).

25. *Id* at § 1408(d).

sion is an exception to the requirement that military pension benefits are inalienable.[26] The Act also provides that the spouse or former spouse of a member of the armed forces cannot sell, assign, transfer, or otherwise dispose of her right to a portion of the payments:

> (2) Notwithstanding any other provision of law, this section does not create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse.[27]

Taken together, I find that the Act gives Ms. Satterwhite a proprietary, inalienable interest in a portion of her former husband's military pension benefits. I, therefore, find that Ms. Satterwhite's proprietary, inalienable interest is excluded from her bankruptcy estate, pursuant to the United States Supreme Court's decision in *Patterson v. Shumate.*[28]

 Alternatively, I find that the pension payments only have value when they become due and payable each month. In the Eighth Circuit, the pension payments due a former spouse are not debts until each payment is due.[29] In other words, there is no present value to a party's future right to receive periodic pension payments. In *Bush v. Taylor,* the Eighth Circuit was dealing with a debtor who wished to discharge, as a pre-petition debt, his obligation to pay a portion of his military pension to his former wife post-petition.[30] The Court dismissed that argument stating that "[p]ayments [that] are not yet due and payable do not represent a debt under the Code."[31] If the obligation to make pension payments is not a debt until the payment is due, then the right to receive those same pension payments is not an enforceable right until the payments are due. I, therefore, find that the right to those payments is not an asset of a debtor's bankruptcy estate until such time as the payments are due or received. As such, Ms. Satterwhite is not required to pay the present value of her future right to receive these pension benefits to her unsecured creditors. I note that Ms. Satterwhite includes the monthly pension payment in her disposable income calculation for purposes of proposing a plan, as required in this Circuit.[32] The Eighth Circuit holds that "the fact that a pension is exempt from the reach of creditors does not preclude a bankruptcy court from finding that the pension is also disposable income for purposes of Chapter 13."[33] I will, thus, find that Ms. Satterwhite's plan satisfies the requirements of section 1325(a)(4), and I will overrule the Chapter 13 trustee's objection to confirmation. I will also overrule the Chapter 13 trustee's objection to Ms. Satterwhite's exemption of her right to receive a portion of her former husband's military pension benefits.

An Order in accordance with this Memorandum Opinion will be entered this date.

26. *Id.* at § 1408(c)(2).

27. *Id.* at § 1408(c)(2).

28. 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

29. *Bush v. Taylor,* 912 F.2d 989, 993 (8th Cir.1990). *See also Teichman v. Teichman (In re Teichman),* 774 F.2d 1395, 1398 (9th Cir. 1985).

30. *See* 912 F.2d at 990–91.

31. *Id.* at 993 (citations omitted).

32. *Taylor v. United States (In re Taylor),* 212 F.3d 395, 397 (8th Cir.2000); *In re Bicsak,* 207 B.R. 657, 662 (Bankr.W.D.Mo.1997).

33. 212 F.3d at 397.